UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00139-GNS-LLK

CHERAY LOVE-LUCAS                                                              PLAINTIFF

v.

UNITED STATES OF AMERICA;
FORT CAMPBELL COMMISSARY;
JANE DOE (an unknown employee of
the Fort Campbell Commissary);
and FORT CAMPBELL,
KENTUCKY                                                                      DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 45). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the Court **GRANTS** the motion.[1]

### I.     **BACKGROUND**

This action is brought to recover for an injury under the Federal Tort Claims Act ("FTCA"). Plaintiff Cheray Love-Lucas ("Love-Lucas") was allegedly injured at the Fort Campbell Commissary ("Commissary"), when she stepped back into the Commissary to escape a storm and tripped over a "wet floor" sign. (Compl. ¶¶ 3-4, DN 1). The Commissary is staffed with two types of workers: United States government employees and workers employed by a third-party contractor providing custodial services, Trace, Inc. ("Trace"). (Defs.' Mot. 7-9).

---

[1] As Defendants note in their memorandum in support of the motion, the United States of America is the proper party to the claims asserted in this action, and the motion seeks dismissal on behalf of all named Defendants. (Defs.' Mem. in Supp. of Mot. for Summ. J. 1 n.1, DN 45-1 [hereinafter Defs.' Mot.]).

There is no evidence in the record to indicate which type of employee set up the sign or when the sign was placed there.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

The Court views the evidence in the light most favorable to the non-moving party, however, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

# III. DISCUSSION

## A. Subject Matter Jurisdiction

The United States first challenges the Court's subject matter jurisdiction over this matter. Love-Lucas' sole claim in this case is a negligence action under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The Supreme Court has construed the FTCA as providing "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA, however, only applies to claims against employees of the United States and explicitly excludes independent contractors. *See Zion v. United States*, 913 F. Supp. 2d 379, 383 (W.D. Ky. 2012) (citing 28 U.S.C. § 2671). *See also Orleans*, 425 U.S. at 814 ("Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver." (citing *Dalehite v. United States*, 346 U.S. 15, 30-31 (1953)).

The issue here is the nature of the employment relationship of the unidentified person (Jane Doe) with Defendants—i.e., whether she was a government employee or an independent contractor working for Trace. The burden rests on Love-Lucas to establish jurisdiction by proving that Jane Doe was a government employee rather than an independent contractor. *See Zion*, 913 F. Supp. 2d at 383 (citing *United States ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1998)). The Court finds Love-Lucas has failed to meet her burden.

Love-Lucas has failed to provide any evidence, beyond her own affidavit, that Jane Doe was a government employee. Love-Lucas' affidavit provides little support for her claim beyond that the name plate Jane Doe was wearing "appeared" to be more similar to that of a government

3

employee than that of a Trace independent contractor. (Love-Lucas Aff. ¶ 4, DN 46-1). Love-Lucas also admits, however, that Jane Doe did not "have anything on her that identified herself as an employee of Trace or anyone else." (Love-Lucas Aff. ¶ 3). Plaintiff's own vague assertions, by themselves, are insufficient to establish Jane Doe was a government employee rather than an independent contractor. *See Donahoo v. Master Data Ctr.*, 282 F. Supp. 2d 540, 549 (E.D. Mich. 2003) (granting summary judgment to the defendant when plaintiff's sole evidence was her own deposition indicating non-specific injuries).

Alternatively, Love-Lucas argues that it is irrelevant if Jane Doe was a Trace contractor or a government employee because Trace contractors are subject to the government's "complete control" and therefore should be treated as employees. (Pl.'s Resp. to Defs.' Mot. for Summ. J. 8, DN 47-1 [hereinafter Pl.'s Resp.]). Thus, the Court must consider the level of control the government exercised over Trace contractors which is governed by the contract between the government and Trace. *See Zion*, 913 F. Supp. 2d at 384 (citation omitted). Specifically, the Court considers whether the government controls the primary activity contracted for, rather than peripheral duties related to that activity. *See id.* (citation omitted). The contract at issue delegates the responsibility to Trace to "furnish all personnel, supervision, supplies, equipment, tools, materials and other items and services necessary to perform . . . custodial tasks . . . at the Fort Campbell Commissary." (Defs.' Mot. for Summ. J. Ex. C, at 10, DN 45-4 [hereinafter Trace Contract]). Furthermore, Trace contractors are supervised by an onsite project manager who has full authority over contractors on all matters related to custodial tasks. (Trace Contract 10, DN 45-4).[2] Since the plain language of the contract dictates that the government did not retain control over

---

[2] Love-Lucas asserts that the government may have had some control over the signs which may have caused her injuries but does not elaborate how that control was exercised. (Pl.'s Resp. 8). At best this indicates minimal control over secondary matters in the contract rather than control over the primary purpose of the contract itself. Control of peripheral matters in the contract is unpersuasive in the Court's analysis. *See Zion*, 913 F. Supp. 2d at 384 (citation omitted).

4

Trace's primary duties under the contract, Trace employees are independent contractors. The government cannot be held accountable for Trace's actions under the FTCA and is entitled to sovereign immunity under the FTCA. *See Zion*, 913 F. Supp. 2d at 384.

Finally, Love-Lucas argues that the United States has frustrated her efforts to contact the Commissary staff and obtain the evidence necessary to meet her burden of proof. The Court finds this argument unpersuasive. The United States denies these allegations and claims Love-Lucas has made "no effort" in identifying Jane Doe. (Defs.' Reply to Mot. for Summ. J. 6, DN 50). If Love-Lucas' discovery requests were not answered appropriately, she should have raised this issue previously with the Court. Instead, Love-Lucas mentions this issue only in her response brief and the fact remains she has failed to present any evidence that her injury was caused by the action of any government employee. Thus, Defendants' motion will be granted.

### B. <u>Negligence Claim</u>

Even if Love-Lucas had proven that the wet floor sign was placed by a federal employee, her negligence claim still fails. To determine liability in an FTCA case, federal courts look to the tort law of the state where the injury occurred. *Crider v. United States*, 885 F.2d 294, 296 (5th Cir. 1989) (citation omitted). Under Kentucky law, a plaintiff must prove the following elements of negligence to prevail: (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached its duty, and (3) the breach proximately caused the plaintiff's damages." *Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 209, 211-12 (Ky. App. 2007) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1992)).

As to the first element, the question is whether United States owed a duty to Love-Lucas to warn her about the warning sign. Landowners are not required to warn customers of open and obvious dangers. *See Ky. River Med. Ctr. v. McIntosh*, 319 S.W.3d 385, 388 (Ky. 2010) (citing Restatement (First) of Torts § 340 (1934)). In addition, where the plaintiff is an invitee, "[n]o

liability is imposed when the defendant is deemed to have acted *reasonably under the given circumstances*." *Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 911 (Ky. 2013) (emphasis added). The Sixth Circuit has found that there is no duty to warn about a warning. *Wiley v. Sam's Club E.*, 632 F. App'x 263, 263-64 (6th Cir. 2016), petition for cert. filed, (U.S. June 28, 2016) (No. 16-22) (applying Kentucky law). Furthermore, even if a government employee set up the sign, the employee acted reasonably under the given circumstances. A premises owner need not warn persons in the vicinity of a wet floor sign for fear that a patron may inadvertently trip over the warning sign itself. *See id.* Such an expectation would be unreasonable. Therefore, even if this Court had jurisdiction over this claim, Love-Lucas' negligence claim fails, and Defendants' motion will be granted.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (DN 45) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
August 2, 2016

cc: counsel of record