UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00139-GNS-LLK

CHERAY LOVE-LUCAS                                                                            PLAINTIFF

v.

UNITED STATES OF AMERICA;
FORT CAMPBELL COMMISSARY;
JANE DOE (an unknown employee of
the Fort Campbell Commissary);
and FORT CAMPBELL,
KENTUCKY                                                                            DEFENDANTS

## **MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiff's Motion for New Trial or to Alter or Amend Judgment (DN 53), which is ripe for adjudication. For the reasons discussed below, the motion is **DENIED**.

### I.     BACKGROUND

Plaintiff Cheray Love-Lucas ("Love-Lucas") filed suit under the Federal Tort Claims Act for injuries she allegedly sustained after tripping over a wet-floor sign at the Fort Campbell Commissary ("Commissary"). (Compl. ¶¶ 1, 3-4, DN 1). Subsequently, the United States moved for summary judgment, and the Court granted its motion. (Def.'s Mot. Summ. J., DN 45; Mem. Op. & Order, DN 51). In its opinion, the Court concluded that it lacked subject matter jurisdiction over Love-Lucas's claims because: (i) she failed to provide evidence sufficient to overcome summary judgment on the issue of whether "Jane Doe," the person who allegedly placed the sign she tripped over, was a government employee, as opposed to an independent contractor; and (ii) the government did not retain control over the primary duties of the persons it

contracted with to perform custodial tasks at the Commissary.  (Mem. Op. & Order 3-5).  Additionally, the Court found that even if Love-Lucas had proven that the wet-floor sign was placed by a government employee, her negligence claim would still fail because the employee acted reasonably under the circumstances.  (Mem. Op. & Order 5-6).  Now, Love-Lucas has moved the Court "to grant her a new trial on the issues of summary judgment, and the Court's rationale on what should or should be a material fact for the jury to decide."  (Pl.'s Mot. New Trial or Alter or Am. J. 1, DN 53 [hereinafter Pl.'s Mot.]).

## II.     STANDARD OF REVIEW

At the outset, Love-Lucas asks the Court to grant her a "new trial."  (Pl.'s Mot. 1).  There was no trial in this case because the Court disposed of all claims on summary judgment; therefore, the Court will treat her motion as one brought under Fed. R. Civ. P. 59(e). Rule 59(e) allows courts to entertain motions to alter or amend judgments. Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is:  (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  Rule 59(e) is not intended to "relitigate issues previously considered or to submit evidence which in the exercise of reasonable diligence, could have been submitted before."  *United States v. Abernathy*, No. 08-20103, 2009 U.S. Dist. LEXIS 131310, at *1 (E.D. Mich. Jan. 7, 2009) (internal quotation marks omitted) (citation omitted).  Moreover, motions under Rule 59(e) "are extraordinary and sparingly granted."  *Premiertox 2.0, Inc. v. Coventry Health & Life Ins. Co.*, No. 1:15-CV-00127-GNS-HBB, 2016 U.S. Dist. LEXIS 87801, at *2 (W.D. Ky. July 6, 2016) (internal quotation marks omitted) (citation omitted).

### III.  DISCUSSION

Love-Lucas argues that the Court improperly decided material issues of fact in granting summary judgment on the ground that she failed to produce sufficient evidence that Jane Doe was a government employee.  It was Plaintiff's burden to establish jurisdiction by proving that Jane Doe was a government employee rather than a Trace independent contractor.  *Zion v. United States*, 913 F. Supp. 2d 379, 383 (W.D. Ky. 2012) (citing *United States ex rel. Jones v. Horizon Healthcare Corp.*, 160 F.3d 326, 329 (6th Cir. 1998)).  The Court found the evidence she provided, consisting solely of Love-Lucas's affidavit, vague and insufficient to preclude summary judgment.  (Mem. Op. & Order 3-4).  Additionally, the Court rejected Love-Lucas's argument that Jane Doe should be treated as a government employee because Trace contractors are subject to the government's "complete control." (Mem. Op. & Order 4-5).  The Court found that Trace employees were independent contractors because the plain language of the contract between Trace and the government dictated that the government did not retain control over Trace's primary duties.  (Mem. Op. & Order 4-5).  In her present motion, Love-Lucas merely restates arguments the Court previously rejected, which is not enough to support a Rule 59(e) motion.  *Abernathy*, 2009 U.S. Dist. LEXIS 131310, at *1.  Furthermore, she has failed to convince the Court that it made "a clear error of law" or that its previous judgment must be amended to prevent "manifest injustice." *Intera Corp.*, 428 F.3d at 620.  The Court will not grant Plaintiff's motion to alter or amend on these grounds.

Love-Lucas also argues that the Court's previous judgment should be altered or amended because the Court improperly relied on *Wiley v. Sam's Club East*, 632 F. App'x 263 (6th Cir. 2016), and decided issues of fact in rejecting her negligence claim.  Notwithstanding the fact that the Court declines to alter or amend its decision that it lacks subject matter jurisdiction over

Love-Lucas's claims, its reliance on *Wiley* was not improper. Love-Lucas's attempts to distinguish her case from *Wiley* by speculating about what Jane Doe knew, observed, or could have said do not convince the Court that it made a clear error of law.[1] The Court will not grant her motion on this basis.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for New Trial or to Alter or Amend Judgment (DN 53) is **DENIED**.

Greg N. Stivers, Judge
United States District Court

March 13, 2017

cc: counsel of record

---

[1] Love-Lucas explains, "[t]he woman placing the sign would have seen that Ms. Lucas, who was standing, facing away, was not watching what was being done behind her back and down on the floor . . . . [She] could have easily warned Ms. Lucas." (Pl.'s Mot. 4-5).